# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00656-CR

**Ron Fuson, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. B-12-0998-SB, HONORABLE BEN WOODWARD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1]  Appellant Ron Fuson pleaded guilty to the offense of failure to register as a sex offender.[2]  The district court sentenced Fuson to five years' imprisonment but suspended imposition of the sentence and placed him on community supervision for a period of two years.

Subsequently, the State filed a motion to revoke probation, alleging that Fuson had violated the terms and conditions of his community supervision by failing to make court-ordered payments; failing to submit a statement of inability to make payments; failing to complete court-ordered community service; failing to pay a urinalysis fee; failing to submit a written earnings and employment statement; failing to report to his community-supervision officer; failing to pay a sex-offender registration fee; failing to surrender himself to authorities; and failing to participate in a

---

[1]  386 U.S. 738 (1967).

[2]  *See* Tex. Code Crim. Proc. art. 62.102(b)(2).

court-ordered outpatient program. At the revocation hearing, Fuson pleaded true to all of the allegations in the motion to revoke. The district court then proceeded to hear evidence, including the testimony of Fuson's probation officer, Marla Rich. Rich testified that Fuson missed his first two meetings with the probation department and had subsequent difficulties satisfying his probation requirements. Rich attributed Fuson's lack of compliance to an alcohol addiction that, according to Rich, Fuson had been unable to control. Fuson testified in his defense, acknowledged an ongoing problem with alcohol, and admitted to having difficulty complying with his probation requirements as a result. However, Fuson insisted that he could change his behavior and comply with the requirements moving forward. At the conclusion of the hearing, the district court found that Fuson had violated the terms and conditions of his community supervision as alleged, revoked his community supervision, and sentenced him to five years' imprisonment. This appeal followed.

Fuson's court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3] Counsel has certified to the Court that he has provided a copy of the motion and brief to Fuson, advised Fuson of his right to examine the appellate record and file a pro se response, and supplied Fuson with a form motion for pro se access to the appellate record.[4] No pro se brief or other written response has been filed.

---

[3] *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972).

[4] *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

We have reviewed the record and counsel's brief and agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment revoking community supervision is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed:   October 22, 2015

Do Not Publish

3